**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

SOMPO JAPAN INSURANCE INC.,

        Plaintiff,

  - against -

FORWARD AIR CORP.,

        Defendant.

Case No. 22-cv-10187

**COMPLAINT**

       Plaintiff Sompo Japan Insurance Inc. ("Sompo"), by and through its attorneys Hill Rivkins LLP, as and for its Complaint against the above-named Defendant, alleges upon information and belief as follows:

       1.     This action arises from loss or damage to a shipment of medical machinery (the "Cargo") transported by motor carriage from Chicago, Illinois, to Peabody, Massachusetts, in or about February-March 2020.

       2.     This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), in that the plaintiff in this action is the citizen of a foreign country and the defendant is the citizen of a state, and the matter in controversy exceeds the sum of $75,000, exclusive of costs and interest. Furthermore, to the extent any subrogor might have an interest in this action, no potential subrogor is a resident of the same state as any defendant. Alternatively, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as Sompo's claims against the Defendant are governed by federal common law. Alternatively, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1337, to the extent that this action arises from the transportation of goods governed by 49 U.S.C. § 14706 and the amount in controversy exceeds $10,000 per bill of lading.

1

3.      The U.S. District Court for the District of New Massachusetts is the proper venue for this action pursuant to 28 U.S.C. § 1391(b)(2).

4.      At all times relevant hereto, Plaintiff Sompo was and now is a corporation organized and existing under the laws of Japan with an office and principal place of business in Japan, as well as a U.S. office at 725 Figueroa Street, Los Angeles, California, 90017, and was the insurer of the Cargo that is the subject of this action.

5.      At all times relevant hereto, Sompo's insured, Canon Medical Systems Corp. ("Canon"), was and now is a corporation organized and existing under the laws of Japan with an office and principal place of business in Japan, as well as a U.S.-affiliated office in California, and was the shipper and owner of the Cargo at issue in this action.  The Cargo consisted of medical machinery shipped in international commerce in good order and condition.  The Cargo originally was transported from Tokyo, Japan via air, pursuant to an air waybill numbered NEC 76660522, issued by Nippon Express covering carriage from Tokyo to Boston by way of O'Hare airport in Chicago.

6.      Pursuant to an insurance claim made under a policy then in full force and effect, and prior to the commencement of this action, Sompo reimbursed Canon for the loss or damage to the Cargo and thereby became subrogated to all of Canon's rights, remedies, claims, and causes of action with respect to the Cargo, including the claims asserted against Defendant herein.  Sompo bring this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the Cargo, as their respective interests may ultimately appear, and Sompo is entitled to maintain this action.

7.      At all times relevant hereto, Defendant Forward Air Corp. ("Forward") was and now is a corporation or other business entity organized and existing under Tennessee law, with an

office and principal place of business at 1915 Snapps Ferry Road, Bldg. N, Greeneville, Tennessee 37745.  Forward was and now is engaged in business as a carrier, third-party logistics provider, freight forwarder, and/or indirect air carrier of goods for hire.

8.      In or about February 2020, Forward agreed to transport and/or arrange the transportation of the Cargo from O'Hare Airport in Chicago by motor carriage and deliver same to Boston, Massachusetts, in exchange for certain consideration and payment of freight and related charges.

9.      Forward also issued a waybill or bill of lading for the carriage of the Cargo.

10.     Thereafter, the Cargo was tendered to Forward at O'Hare Airport in good order and condition, with customary and adequate packaging, and suitable in every respect for the intended transportation, which Forward received, accepted, and agreed to transport in interstate commerce.

11.     However, upon the Cargo's arrival at Boston, the Cargo was discovered to have been physically damaged during Forward's motor carriage.

12.     Shortly thereafter, Canon was notified of the damage and Forward was placed on notice of Canon's resulting claims.

13.     By reason of the premises, Forward failed to deliver the Cargo to destination in the same good order and condition as it was received; were negligent and careless in its handling of the Cargo; breached its statutory, common law, and/or contractual duties and obligations as carriers and bailees of the Cargo; and were otherwise at fault.

14.     Plaintiff Sompo and its insured have performed all of the duties, obligations, and conditions precedent to be performed on their part with respect to the Cargo.

15.     By reason of the premises, Plaintiff Sompo has sustained damages as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of $97,240.00.

16.     Plaintiff Sompo requests that all issues be tried before a jury.

**WHEREFORE**, Plaintiff Sompo prays:

(i)     that process in due form of law be issued against Defendant according to the practice of this Honorable Court, citing them to appear and answer the foregoing;

(ii)    that judgment be entered in favor of Sompo against Defendant, jointly and severally, in the amount of $97,240.00, together with costs, interest, and reasonable attorney's fees; and

(iii)   for such other and further relief as this Honorable Court deems just and proper under the circumstances.

Dated: February 3, 2022

                                             **HILL RIVKINS LLP**
                                             *Attorneys for Plaintiff*

                        By:     _____
                                             CHARLES M. HENDERSON, III
                                             #651129
                                             45 Broadway, Suite 1500
                                             New York, NY 10006
                                             (212) 669-0600 - Telephone
                                             (212) 669-0698 – Facsimile
                                             chenderson@hillrivkins.com